# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| AMERICAN BUILDERS INSURANCE COMPANY | ) ) | CIVIL ACTION FILE NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| ALL-IN BUILDERS, LLC, OVERTON ROW HOLDINGS, LLC, and OVERTON ROW HOLDINGS, II, LLC, | ) ) ) ) | |
| Defendants. | | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff American Builders Insurance Company ("Builders"), and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files its Complaint for Declaratory Judgment, respectfully showing to the Court as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff American Builders Insurance Company is a corporation organized and existing under the laws of the State of Georgia, maintaining its principal office and principal place of business in Atlanta, Georgia.  Builders is a citizen of Georgia.

2.      Defendant All-In Builders, LLC ("All-In") is a limited liability company organized and existing under the laws of the State of South Carolina.  Upon information and belief, its member is an individual who is a citizen of the State of South Carolina.  All-In is a citizen of South Carolina.

3.      Defendant Overton Row Holdings, LLC is a limited liability company organized and existing under the laws of the State of Delaware.  Upon information and belief, its members

are individuals who are citizens of the state of Florida. Overton Row Holdings, LLC is a citizen of Florida.

4. Defendant Overton Row Holdings II, LLC is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, its members are individuals who are citizens of the state of Florida. Overton Row Holdings II, LLC is a citizen of Florida.

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Builders and defendants are citizens of different states and (b) the value of the matter in controversy, exclusive of interest and costs, exceeds the requisite jurisdictional amount.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 (b)(3) in that this action is brought in the judicial district in which all defendants are subject to the Court's personal jurisdiction.

**The Underlying Action**

7. On August 25, 2022, Overton Row Holdings, LLC and Overton Row Holdings II, LLC (collectively, "Overton Row") filed suit against All-In and several co-defendants in the Superior Court of Mecklenburg County, North Carolina, styled *Overton Row Holdings, LLC, et al. v. CW Construction & Development, LLC, et al.,* Case No. 22-CVS-13875 (the "Underlying Action"). A true and correct copy of Overton Row's complaint filed in the Underlying Action ("the Complaint") is attached hereto as Exhibit A.

8. In the Complaint filed in the Underlying Action, Overton Row alleges that CW Construction, LLC began construction on a multi-unit apartment building known as Overton Row at Plaza Midwood, located in Charlotte, North Carolina ("the Project") in 2017.

- 2 -

9.     According to the Complaint, All-In had a role in the construction of the Project as a subcontractor that worked on the balconies and/or weatherproofing systems.

10.     The Complaint alleges that, after construction was complete and Overton Row purchased the Project, water intrusion was discovered, which resulted in damage to the individual units and common areas.

11.     According to the Complaint, subcontractors were aware of water-intrusion issues throughout the Project.

12.     The Complaint also alleges that the work of CW Construction, LLC, All-In, and other subcontractors resulted in sheathing on balcony walls and internal framing, as well as visible stucco cracking.

13.     Overton Row raises a claim of negligence against All-In, alleging that All-In and other subcontractors performed their scopes of work in a deficient and negligent manner with respect to the building envelope, balconies, roofing elements, and internal apartment fixtures.

14.     According to the Complaint, Overton Row seeks damages from All-In and other subcontractors for the costs of repairs and replacing defective construction, remediation costs, repair and remodeling costs for affected apartment units and common areas, lost rental income, professional and engineering expenses, and expenses relating to concessions provided to residents.  Overton Row seeks to recover damages in excess of $75,000.

15.     Overton Row also raises a claim of negligence per se against All-In, alleging that All-In and other subcontractors performed their work in violation of the North Carolina Building Code.

16. Overton Row also seeks attorney's fees from all defendants in the Underlying Action.

### The Builders Policies

17. All-In is the named insured under successive policies of commercial general liability insurance issued by Builders: Policy No. PKG-0249320-00, with a policy period from 09/28/17 to 09/28/18; Policy No. PKG-0249320-01, with a policy period from 09/28/18 to 09/28/19; and Policy No. PKG-0249320-02, with a policy period from 09/28/19 to 09/28/20 (hereinafter collectively referred to as "the CGL Policies"). The CGL Policies provide commercial general liability insurance coverage with Limits of Insurance of $1,000,000 per each "occurrence" and $2,000,000 general aggregate.

18. The material terms and conditions of the CGL Policies issued by Builders to All-In from 2017 through 2020 are identical. A true and correct copy of the 2017-2018 CGL Policy is attached hereto as Exhibit B.

19. The CGL Policy's liability coverage is set forth in the Commercial General Liability Coverage Form (Form No. CG 00 01 04 13) ("the CGL Form"). A true and correct copy of the CGL Form included as part of each of the CGL Policies is attached hereto as Exhibit C.

20. Coverage A of the CGL Form applies to "Bodily Injury and Property Damage Liability." The policy provides, in pertinent part, as follows:

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend any "suit" seeking those damages. However, we will have no duty to defend the insured against any suit seeking damages for "bodily injury" or "property damage" to which this

- 4 -

insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

\* \* \*

b.    This insurance applies to "bodily injury" and "property damage" only if:

(1)    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" and

(2)    The "bodily injury" or "property damage" occurs during the policy period.

(3)    Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\* \* \*

21.    The CGL Form also includes the following definitions:

8.    "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

a.    It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

b.    You have failed to fulfill the terms of a contract or agreement;

If such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.

\* \* \*

13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

- 5 -

* * *

16.    "Products-completed operations hazard":

a.    Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

    (1)    Products that are still in your physical possession; or

    (2)    Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

        (a)    When all of the work called for in your contract has been completed.

        (b)    When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

        (c)    When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

b.    Does not include "bodily injury" or "property damage" arising out of:

    (1)    The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2)    The existence of tools, uninstalled equipment or abandoned or unused materials; or

Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property. All such loss shall be deemed to occur at the time of the physical injury that caused it;

    b.    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

* * *

21. "Your product":

    a.    Means:

        (1)    Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

            (a)    You;

            (b)    Others trading under your name; or

            (c)    A person or organization whose business or assets you have acquired; and

        (2)    Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b.    Includes:

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2)    The providing of or failure to provide warnings or instructions.

    c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":

a. Means

   (1) Work or operations performed by you or on your behalf; and

   (2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

   (1) Warranties or representations made at any time with respect to the fitness, quality, durability or performance or use of your work" and

   (2) The providing or failure to provide warnings or instructions.

* * *

22. The CGL Form also includes the following exclusions:

a. Expected Or Intended Injury

   "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

* * *

j. Damage to Property

   "Property Damage" to:

   (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

* * *

- 8 -

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

k.     Damage to "Your Product":

"Property damage" to "your product" arising out of it or any part of it.

\* \* \*

m.     Damage To Impaired Property or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1)     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2)     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of any other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

23.     The CGL Policies contain a "Supplementary Payments" provision, which provides, in pertinent part:

1.     We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

e.     All courts costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

24.     The CGL Policies include Endorsement No. GL RFWE 10 13, entitled "Resulting Damage Coverage Endorsement." A true and correct copy of the Resulting Damage Coverage Endorsement is attached hereto as Exhibit D. This endorsement provides the following exclusion:

- 9 -

This insurance does not apply to any claim or "suit" for the cost of repair, replacement, adjustment, removal, loss of use, inspection, disposal, or otherwise making good any faulty, defective or poor workmanship in "your work" for which any insured or any insured's employees, contractors, or subcontractors may be liable.

This exclusion does not apply to "property damage" sustained by any other property that is caused by the faulty, defective or poor workmanship in "your work".

This exclusion applies only to residential structures for which coverage is not otherwise excluded under this insurance.

25.    The CGL Policies also include Endorsement No. GL CAP 06 14, entitled "Condominium Exclusion Endorsement." A true and correct copy of the Condominium Exclusion Endorsement is attached hereto as Exhibit E. This exclusion provides, in pertinent part, as follows:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" included in the "products/completed operations hazard" and/or arising out of "your work" in the design, manufacture, construction, fabrication, maintenance, repair, remodeling, service, correction or replacement of any part of a "condominium project" and/or a "community apartment project/co-operative project" including any structure later converted into a "condominium project" or a "community apartment project/co-operative project" except:

**(1)** when the "condominium project" and/or "community apartment project/co-operative project" is not permitted, designed, remodeled, constructed, fabricated or manufactured for residential use, or

**(2)** when "your work" is for "remodeling" operations performed to a unit within a residential "condominium project" and/or "community apartment project/co-operative project."

For the purpose of this endorsement, the following terms mean:

"Condominium project" means a development consisting of condominiums. A condominium consists of an undivided interest in common in a portion of real property coupled with a separate interest in space called a unit.

"Community apartment project/co-operative project" means a development in which an undivided interest in land is coupled with the right of exclusive occupancy of any apartment located thereon.

- 10 -

"Remodeling" means work being performed on behalf of a unit owner or apartment occupant to change the appearance of functional utility of the parts of the unit or apartment for which the unit owner or apartment occupant controls exclusively for their use by any deed restrictions, by-laws or Association covenants, codes or restrictions.

26. The CGL Policies include Endorsement No. GL EDW 08 16, entitled "Exclusion – Designated Work Endorsement."  A true and correct copy of the Exclusion – Designated Work Endorsement is attached hereto as Exhibit F.  This exclusion provides, in pertinent part, as follows:

Description of your work:

(1)    Arising out of the design, manufacture, construction, fabrication, maintenance, repair, remodeling, service, correction or replacement of any structure, not otherwise excluded by this endorsement, which exceeds (5) stories. This does not apply to "bodily injury" or "property damage" arising out of "your work" performed within a structure.

(2)    Arising out of any work or operations with respect to any exterior component, fixture or feature of any structure if a spray on siding product is used on any part of that structure.

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

27. The CGL Policies also include Endorsement Nos. CG 21 67 12 04 and GL FB 01 09, entitled "Fungi or Bacteria Exclusion Endorsement" and "Limited Fungi or Bacteria Coverage Endorsement," respectively.  A true and correct copy of the endorsements is attached hereto as Exhibit G.  These endorsements provide as follows regarding mold damage:

This insurance does not apply to:

Fungi Or Bacteria

- 11 -

a.      "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b.      Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

\* \* \*

C.      The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

\* \* \*

This insurance provided under Section I- Coverage A-Bodily Injury and Property Damage Liability as modified by the Fungi Or Bacteria Exclusion is hereby extended to provide insurance for (a) "property damage" which would not have occurred, in whole or part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any fungi or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage; and (b) any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of fungi or bacteria, by any insured or by any other person or entity.

28.      The limit of insurance provided by Endorsement No. GL FB 01 09, the "Limited Fungi or Bacteria Coverage Endorsement," is $2,500.

29.      The CGL Policies include Endorsement No. GL NSL 06 15, entitled "Non-Stacking of Limits Endorsement."  A true and correct copy of the Non-Stacking of Limits

- 12 -

Endorsement is attached hereto as Exhibit H. This endorsement provides, in pertinent part, as follows:

> If a "claim" or "suit" covered under a policy issued by Builders Insurance Group, American Builders Insurance Company or National Builders Insurance Company is also covered under another policy or policies issued by Builders Insurance Group, American Builders Insurance Company or National Builders Insurance Company, the coverage limits under all such policies are the amounts stated in the schedule below. Under no circumstances will the limits for any coverage under one such policy be added to the limits for similar coverage under another such policy or policies to determine the limit of insurance coverage available for any one occurrence. This provision applies regardless of the number of policies involved, the number of insureds, or the number of claims made.

Schedule

COMMERCIAL GENERAL LIABILITY— LIMITS OF LIABILITY

| | |
|---|---|
| EACH OCCURRENCE LIMIT | $1,000,000.00 |
| PERSONAL AND ADVERTISING INJURY LIMIT | $1,000,000.00 |
| MEDICAL EXPENSE LIMIT | $5,000.00 |
| FIRE DAMAGE LIMIT, ANY ONE FIRE | $100,000.00 |
| PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT | $1,000,000.00 |
| GENERAL AGGREGATE LIMIT (OTHER THAN PRODUCTS-COMPLETED OPERATIONS) | $1,000,000.00 |

This endorsement is effective the date that the subsequent policy is issued.

30. All-In is the named insured under successive policies of commercial excess liability (umbrella) insurance issued by the Builders: Policy No. UMB-0249343-00, with a policy period from 09/28/17 to 09/28/18; Policy No. UMB-0249343-01, with a policy period from 09/28/18 to 09/28/19; and Policy No. UMB-0249343-02, with a policy period from 09/28/19 to 09/28/20 (hereinafter collectively referred to as "the Umbrella Policies").

31.     The material terms and conditions of the Umbrella Policies from 2017 through 2020 are identical.  A true and correct copy of the 2017-2018 Umbrella Policy is attached hereto as Exhibit I.

32.     The Umbrella Policies' coverage is set forth in the Commercial Liability Umbrella Coverage Form (Form No. CU 00 01 04 13) (the "Excess Form").  A true and correct copy of the Excess Form is attached hereto as Exhibit J.

33.     The Umbrella Policies define "underlying insurance" as "the policies listed in the Schedule of Underlying Insurance."

34.     The relevant policies listed in the Umbrella Policies' Schedule of Underlying Insurance for commercial general liability insurance are the CGL Policies issued by Builders.

35.     The material terms and exclusions set forth in the Umbrella Policies are materially identical to those set forth in the CGL Policies quoted above.

36.     The Umbrella Policies include Endorsement No. UMB GFF 05 11, entitled "Following Form Endorsement."  A true and correct copy of the Following Form Endorsement is attached hereto as Exhibit K.  This endorsement provides, in pertinent part, as follows:

> This insurance does not apply to:
>
> "Bodily injury", "property damage", or "personal and advertising injury" unless such liability is covered by valid and collectable "underlying insurance" as listed in the Schedule of Underlying Insurance for the full limit shown, and then only for such liability for which coverage is provided under the "underlying insurance."

### Declaratory Judgment

37.     The allegations contained in paragraphs 1 through 36 above are re-alleged and incorporated by reference as if fully set forth herein.

- 14 -

38.     Based on the allegations in the Underlying Action, neither the CGL Policies nor the Umbrella Policies ("the Builders Policies") provide coverage to All-In for the claims asserted against it by Overton Row in the Underlying Action.

39.     The claims asserted by Overton Row against All-In in the Underlying Action do not allege "property damage" caused by an "occurrence."  Specifically, allegations that All-In failed to perform its work in a diligent and good and workmanlike manner do not allege "property damage" caused by an "occurrence."  Nor do costs associated with remediating or completing the work of All-In constitute "property damage" caused by an "occurrence."

40.     No coverage is owed to the extent that the damage alleged in the Complaint was a "known loss" on or before any of the Builders Policies took effect.

41.     In addition, certain exclusions in the Builders Policies apply to bar coverage for the claims asserted by Overton Row against All-In, including exclusions a. (Expected or Intended Injury),  j. (Damage to Property), k. (Damage to "Your Product"), and m. (Damage To Impaired Property or Property Not Physically Injured) quoted above.

42.     The exclusions set forth in Endorsement Nos. GL FRWE 10 13, GL CAP 06 14, and GL EDW 08 16 also apply to bar coverage for the claims asserted by Overton Row against All-In in the Underlying Action.

43.     The Resulting Damage Coverage Endorsement (GL FRWE 10 13) bars coverage for Overton's claims seeking to recover the cost of "repair . . . or otherwise making good" any purportedly "faulty, defective or poor workmanship" in All-In's "work," or the work of its subcontractors.

- 15 -

44.     The Condominium Exclusion Endorsement (GL CAP 06 14) bars coverage for "property damage" arising out of All-In's "work" on a "community apartment project/cooperative project."

45.     The Designated Work Endorsement (GL EDW 08 16) also excludes coverage for "property damage" arising out of "construction" of "any structure . . . which exceeds (5) stories."

46.     The Underlying Action also seeks attorneys' fees, which are explicitly excluded from coverage under the Builders Policies' "Supplementary Payments" provision.

47.     Even if there is coverage under the Builders Policies for the claims raised by Overton Row against All-In in the Underlying Litigation, coverage is limited by the Limited Fungi or Bacteria Coverage Endorsement (CG 21 67 12 04) and the Non-Stacking of Limits Endorsement (GL NSL 06 15).

48.     The Underlying Action has been reported to Builders under the Builders Policies and All-In has requested coverage from Builders under the Builders Policies for the claims asserted against it by Overton Row.

49.     Builders is of the opinion that it does not have a duty under the Builders Policies to provide a defense to All-In in the Underlying Action, nor is it required to provide indemnity for any judgment or settlement.

50.     Builders has agreed to provide a defense to All-In in the Underlying Action, subject to a full reservation of rights under the Builders Policies.

51.     Thus, Builders is uncertain with respect to its duties and obligations under the Builders Policies in connection with the claims asserted in the Underlying Action, including whether Builders must provide a defense to All-In or indemnity for any judgment or settlement.

- 16 -

52.     An actual controversy has arisen and now exists between Builders and Defendants concerning whether the Builders Policies provide coverage to All-In for the claims asserted by Overton Row in the Underlying Action.

53.     Builders seeks a declaration from this Court with respect to its duties and obligations under the Builders Policies in connection with the claims asserted by Overton Row in the Underlying Action.  Specifically, Builders seeks a declaration from this Court that it has no obligation to provide a defense to All-In in the Underlying Action, nor does it have an obligation to provide indemnity for any judgment or settlement.

54.     By reason of the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations, and liabilities, if any, which exist among the parties to this lawsuit under the Builders Policies.

WHEREFORE, plaintiff American Builders Insurance Company prays as follows:

a.     That process and summons issue against defendants and that defendants be served as required by law;

b.     That the Court declare that Builders has no obligation to provide insurance coverage under the Builders Policies to All-In for the claims asserted by Overton Row in the Underlying Action;

c.     That Builders recover its costs in filing this action; and

d.     That Builders be awarded all other relief to which it is entitled.

- 17 -

This 4th day of February 2025.

GOLDBERG SEGALLA

*/s/ John I. Malone, Jr.*
John I. Malone, Jr.
North Carolina Bar No. 22180
701 Green Valley Road, Suite 310
Greensboro, North Carolina 27408
Telephone: (336) 419-4908
Fax: (336) 419.4950
jmalone@goldbergsegalla.com

MARSH, ATKINSON & BRANTLEY

*/s/ David M. Atkinson*
David M. Atkinson (Pro Hac Vice pending)
Georgia Bar No. 026460
Lauren D. Woodrick (Pro Hac Vice pending)
Georgia Bar No. 324394
271 17th Street NW, Suite 1600
Atlanta, GA 30363
(404) 600-0565
david.atkinson@mablawfirm.com
lauren.woodrick@mablawfirm.com

*Attorneys for Plaintiff*

- 18 -